UNITED STATES *v.* STEWART Co. (No. 2437).[1]

1. CONSTRUCTION, PARAGRAPHS 1402 AND 1414, TARIFF ACT OF 1922—RELATIVE SPECIFICITY—TOYS—BALLS.

　　The provision of paragraph 1414, tariff act of 1922, for "toys" is less specific than that of paragraph 1402, for "balls　*　*　*　designed for use in physical exercise or in any indoor or outdoor game or sport."

2. CONSTRUCTION, PARAGRAPH 1402, TARIFF ACT OF 1922—BALLS.

　　Paragraph 1402, tariff act of 1922, is not restricted to such balls as are used *for* physical exercise by *adults*, or in games or sports played by them.—United States *v.* Field & Co. (12 Ct. Cust. Appls. 543; T. D. 40738), decided concurrently herewith.

3. TOY RUBBER BALLS.

　　Fancifully colored and painted hollow rubber balls, from five to eight inches in diameter, used by children for indoor physical exercise, are entitled to classification under paragraph 1402, tariff act of 1922, as such balls, notwithstanding that they answer also the call of paragraph 1414 for toys.

---

[1] T. D. 40734.

United States Court of Customs Appeals, March 6, 1925

APPEAL from Board of United States General Appraisers, G. A. 8807 (T. D. 40210)

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.

*Frank L. Lawrence* (*Martin T. Baldwin*, and *Richard Neville* of counsel) for appellee.

[Oral argument Jan. 28, 1925, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The official sample of the merchandise here is a fancifully colored, hollow rubber ball, about 8 inches in diameter, with two pictures on the outer surface representing children at play. The importation consisted of similar balls varying in diameter from 5 to 8 inches.

They were classified by the collector as toys under paragraph 1414 of the tariff act of 1922, the relevant part of which we quote:

Dolls, and parts of dolls, doll heads, toy marbles, of whatever materials composed, air rifles, toy balloons, * * * and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for. * * *

Importer claims classification under paragraph 1402 of the act, the applicable part of which is as follows:

* * * baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, * * * all the foregoing not specially provided for.

A majority of the Board of General Appraisers before which the case was tried, while of opinion that these balls were toys used solely for the amusement of children in play, nevertheless, after a careful study of the competing paragraphs held in a well-reasoned opinion that they should have been classified under paragraph 1402 as balls designed for use in physical exercise or in any indoor or outdoor game or sport. It conceded that the question was not free from doubt but resolved that doubt in favor of the importer.

No testimony was taken before the board and the question raised stands for decision upon the record. It appears that, when the case was called for hearing, importer's counsel said:

We submit on the official record and the official samples, and stipulate that the merchandise is used for indoor and not outdoor playing or exercises by children.

Counsel for the Government did not expressly agree to that stipulation, merely saying: "The Government submits." It might be inferred that he joined in the stipulation. However this may be,

in the argument of the case in this court, Government counsel concedes that these balls are used for indoor physical exercise by children.

The record also shows that at the trial before the board the Government conceded that these balls were used by children in play and that the children received, to a certain extent, physical exercise in such play.

The Government, in substance, makes the following claims:

(*a*) That these balls are toys and so not within paragraph 1402, which it argues was not designed to cover toys.

(*b*) That the balls are not used for any outdoor or indoor game or sport, within the meaning of the paragraph, arguing that it was intended thereby to cover only such balls as are used in physical exercise or in some recognized athletic game or sport indulged in principally by adults for the benefit of physical exercise.

The fact that these balls might otherwise be classifiable as toys does not exclude them from classification under paragraph 1402, if they are more specifically provided for therein. The toy paragraph does not eo nomine provide for any ball, while paragraph 1402 specifically covers certain balls and *all others* that are designed for use in physical exercise or in any game or sport.

It may be admitted that these balls are designed to be used by children only, but that fact does not forbid their classification under 1402, because Congress has not limited it to balls used for physical exercise by adults or in games or sports played by them.

We have here balls concededly used by children in indoor play, and a play is some sort of a sport or game from which physical exercise results. There is nothing to suggest that they are not designed for the use to which they are applied. They are more specifically provided for in paragraph 1402 than in 1414.

It may be admitted that paragraph 1402, in some aspects, is not easy of interpretation, but having in mind the established rule, that in such cases the taxpayer, and not the Government, is entitled to the benefit of the doubt, we think the judgment below ought to be and it is *affirmed*.