UNITED STATES *v.* FIELD & CO. (No. 2441).[1]

CONSTRUCTION, PARAGRAPH 1402, TARIFF ACT OF 1922—EQUIPMENT FOR GAMES OR SPORTS—CHILDREN'S NINEPINS—TOYS.

Paragraph 1402, tariff act of 1922, providing for balls, bats, and various other things used in games or sports, is not restricted to articles suitable for use by adults.—United States *v.* Stewart Co. (12 Ct. Cust. Appls. 533; T. D. 40734), decided concurrently herewith. Small ninepin and tenpin sets for the use of children in playing the games are classifiable under the paragraph rather than under paragraph 1414, as toys.

[1] T. D. 40738.

United States Court of Customs Appeals, March 6, 1925

APPEAL from Board of United States General Appraisers, G. A. 8813 (T. D. 40243)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*William H. Futrell* and *Fred J. Carter,* special attorneys, of counsel), for the United States.
No appearance for appellees.

[Oral argument Nov. 17, 1925, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal by the Government from the judgment of the Board of General Appraisers sustaining the importers' protest to the collector's classification of merchandise described as "tenpins and ninepins."

A set of tenpins consists of ten wooden pins and three wooden balls. The pins are 6 inches in height and from 1½ to 2 inches in width at the base. The balls are about 3 inches in diameter.

A set of ninepins consists of nine wooden pins and three wooden balls, of the same dimensions respectively as the tenpins.

The merchandise was assessed for duty by the collector, as toys, at 70 per cent ad valorem, under paragraph 1414 of the tariff act of 1922, which reads as follows:

. PAR. 1414. Dolls, and parts of dolls, doll heads, toy marbles, of whatever materials composed, air rifles, toy balloons, toy books without reading matter other than letters, numerals, or descriptive words, bound or unbound, and parts thereof, garlands, festooning, and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for, 70 per centum ad valorem.

The Board of General Appraisers held that the merchandise was properly dutiable under paragraph 1402 of the tariff act of 1922, the pertinent part of which reads as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem. * * *

. It appears from the evidence in the case that the merchandise is used exclusively by children in the playing of a game.

It is contended by counsel for the Government that, the articles in question being used only by children and suitable only for the use of children, they should be classified as toys.

In the case of Illfelder *v.* United States (1 Ct. Cust. Appls. 109, 111; T. D. 31115), this court in defining the word "toy" said:

In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally.

There is no evidence in the case to the effect that these articles are mere playthings used by children for amusement only.

The tenpins and ninepins are used in the playing of a game. No doubt amusement would be afforded children in the playing of the game of tenpins or ninepins, but is the establishment of that fact sufficient to require classification of these articles as toys? We think not.

It is apparent from the description of the dimensions of the pins and balls that the articles are not mere playthings. They are of sufficient size to require that they be used in the playing of the game for which they were designed in order to afford amusement to children. These articles may be said, figuratively speaking, to be "junior editions" of like articles used by adults in the playing of the game of "tenpins" or "ninepins," rather than miniatures of such articles, so small as to be unfitted for use as ninepins or tenpins, and intended to be used and actually used only as mere playthings for the amusement of children.

Paragraph 1402, supra, does not provide for articles suitable only for use by adults and certainly was not so intended. It would seem to be as important to provide for exercise and games for children as adults, and we think Congress has so provided.

The undisputed evidence establishes that the imported merchandise is used by children in the playing of a game known as "tenpins" or "ninepins." Such use is sufficient to bring the merchandise within the provisions of paragraph 1402, supra, for—

\* \* \* All other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play. \* \* \*

It is a well-known fact that pins and balls of the same general character as the imported articles but of larger dimensions are designed for use by adults for exercise and play in indoor games known as "tenpins" and "ninepins."

The fact that the pins and balls under consideration are designed for the use of children, rather than adults, does not determine the classification of such articles.

The judgment of the Board of General Appraisers is *affirmed*.