UNITED STATES *v.* STATE FORWARDING & SHIPPING CO.
(No. 2482)[1]

1. CONSTRUCTION, PARAGRAPH 1414, TARIFF ACT OF 1922—"TOYS."

"In common speech and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is reasonably fitted for no other purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also *reasonably* fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally." *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109.

2. CONSTRUCTION, PARAGRAPHS 1402 AND 1414, TARIFF ACT OF 1922—RELATIVE SPECIFICITY—TOYS—BALLS.

The provision of paragraph 1414, Tariff Act of 1922, for "toys" is less specific than that of paragraph 1402, for "balls * * * designed for use in physical exercise or in any indoor or outdoor game or sport."

[1] T. D. 41216.

3. CONSTRUCTION, PARAGRAPH 1402, TARIFF ACT OF 1922—"GAME."

All play, either by children or adults, can not be said to constitute a "game" within paragraph 1402, Tariff Act of 1922. The paragraph contemplates that all balls designed to be used in *physical exercise* or in any indoor or outdoor game or sport, similar to the exercises, games, or sports indicated in the paragraph, even though they might be toys, should be dutiable under it at 30 per centum, rather than as toys at 70 per centum under paragraph 1414. It does not contemplate such balls or equipment as are primarily intended or designed merely as playthings for children, or those that are reasonably fitted only for use as amusing playthings. A toy tennis ball, known as a "return ball," made of straw and covered with paper and worsted netting, with a string attached to hold it captive, played with by children by batting it with a toy tennis racket, is a toy under paragraph 1414, and not one of the balls of paragraph 1402.

United States Court of Customs Appeals, November 21, 1925

APPEAL from Board of United States General Appraisers, G. A. 8863 (T. D. 40409)

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument Oct. 9, 1925, by Mr. Hoppin and Mr. Brown]

BLAND, Judge, delivered the opinion of the court:

The appraiser's answer to the protest in this case described the merchandise as "toy tennis balls * * * composed of various materials suitable only for the amusement of children. It was returned for duty as toys at 70 per centum ad valorem under paragraph 1414 of the act of 1922."

The goods were invoiced as felt tennis balls. There is before us no sample of the merchandise taken from the importation, but at the hearing before the board illustrative Exhibit A was introduced, which is before the court, and consists of a purple-colored ball of light weight, the covering of which consists of paper and a knit worsted netting, and the inside of which is composed of straw. It is rather elongated at the ends and somewhat irregular in shape. An inelastic thread is attached to the exhibit. The board found that it had an elastic string attached to it and the statements of counsel in the briefs seem to agree that the importation consisted of felt covered balls with an elastic string. The proof shows that it was once known as a "return ball." One witness described the importation as consisting of a colored felt-covered ball, approximately 3 inches in diameter, having a straw center and an elastic string.

The proof shows that the illustrative exhibit is used for the same purpose as the importation. The proof further shows that it is used by children in play. One of the witnesses for the importer testified

that playing with this ball might be called "individual tennis," inasmuch as only one player was necessary to play it; that it was not played with as are balls in other tennis games; that the point of similarity between this game and tennis was that this ball was hit with a small light miniature racket; that the rackets used are strung with strings instead of gut; that when the balls are used with the racket they are attached to the racket after importation, and that they are used sometimes tied to the finger.

The Government's witnesses, for the most part, testified that the goods were toys; that they are not handled by dealers in balls used in athletic sports, such as baseballs, golf balls, tennis balls, field hockey, soccer, basket balls, footballs, handballs, pool balls, croquet balls, water balls, cricket balls, and push balls; that the balls in controversy were used only by children and were not played with in any recognized game, and that these articles were recognized in the trade as toys.

In a very ingeniously and carefully prepared brief, the learned counsel for the importer has urged that, as a matter of common knowledge, these balls are used by children on the streets and indoors, attached to the hands and rackets, in games and plays in which there is an element of contest, such as determining who could hit the most times without missing while running, etc. The same brief quotes at length from various books on psychology to the effect that the use of balls in kindergarten teaching, or in kindergarten exercises by children is referred to as a use in play or games.

The court below sustained the protest of the importer on the theory that the merchandise came within the language used in paragraph 1402, "all other balls, of whatever material composed, designed for use in physical exercise or in any indoor or outdoor game or sport," in so far as they were used by children in play or games.

The importer argues that, even if the balls are toys and are designed to be used by children only, they are more specifically named and described in the ball paragraph.

The Government appealed to this court from the judgment of the board, and here contends that they are toys and not such balls as Congress intended to include in paragraph 1402.

Paragraph 1402 reads as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

The applicable part of paragraph 1414 is for "all other toys n. s. p. f. 70 per centum ad valorem."

In the case of *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109, this court defined a toy as follows:

In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally.

This has become the accepted definition of the word "toy."

We think the importation, under this definition, is clearly a toy, and as such could be classified under paragraph 1414. But, if it is a ball designed for use in physical exercise, or in any indoor or outdoor game or sport, it would be more specifically provided for in paragraph 1402. *United States* v. *Stewart Co.*, 12 Ct. Cust. Appls. 533.

We do not think it is such a ball as Congress had in mind when paragraph 1402 was enacted.

It will be noted that the articles specifically named in the paragraph are boxing gloves, baseballs, footballs, tennis balls, golf balls; and the equipment ordinarily used in conjunction therewith, specifically named, consists of clubs, rackets, and bats. It is clear that Congress meant to include other balls than those named, such as handballs, basket balls, push balls, and probably many other kinds of balls designed to be used for physical exercise or in connection with indoor or outdoor games or sports. All play, either by children or adults, can not be said to constitute a game. A child plays with a doll, but it is not the kind of play that Congress had in mind in paragraph 1402, nor do we think a child playing with a ball, such as is in controversy here, is indulging in such physical exercise or indoor or outdoor game or sport as is meant in the paragraph.

While it might have been well for Congress to have encouraged the importation of balls used in the kindergarten and in play, such as is here urged by importer's counsel, in furtherance of the more perfect development of the minds of our children, we do not believe that a study of the paragraph will bring the conclusion that Congress in this instance was concerning itself with this particular idea. On the contrary, it would seem to us that the whole context of the paragraph irresistibly suggests the thought that the framers of the paragraph desired that boxing gloves and all balls designed to be used in *physical exercise* or in any indoor or outdoor game or sport, similar to the exercises, games, and sports indicated in the paragraph, even

though they might be toys, have a 30 per centum duty rather than a 70 per centum duty, and that it had in mind articles that were designed to be used primarily for the purpose of such exercise or in such games or sports. *United States* v. *Kelley Hardware Co.*, 12 Ct. Cust. Appls. 204. We do not think it had in mind such balls or equipment as were primarily intended, or designed merely as playthings for children, or those that are reasonably fitted only for use as amusing playthings.

A toy train is played with by children and in playing with it they may obtain a degree of exercise, yet exercise is only an incident of the play. A child's ball may be or may not be primarily intended for exercise or for the playing of such a game or sport as is referred to in the paragraph. *United States* v. *Field & Co.*, 12 Ct. Cust. Appls. 543; *United States* v. *Strauss & Co.*, 13 Ct. Cust. Appls. 167, T. D. 41025. A boy's baseball is used in playing a game, which Congress no doubt had in mind while enacting the paragraph. We can well understand how Congress may have had in mind a tennis ball made and designed for boys, to be used in a game of tennis. And even if tennis balls were not specifically named, they would probably be included within the provision for "all other balls." However, the ball in this paragraph is not a tennis ball, but a plaything in the sense that a toy is a plaything. It, therefore, is not classifiable under paragraph 1402, but clearly falls within paragraph 1414.

The judgment of the Board of General Appraisers is *reversed.*