UNITED STATES v. F. W. WOOLWORTH CO. (No. 3126)[1]

[1] T. D. 43136.

United States Court of Customs Appeals, November 30, 1928.

Charles D. Lawrence, Assistant Attorney General (John F. Kavanagh, special attorney, of counsel), for the United States.

Sharretts, Coe & Hillis (Edward P. Sharretts of counsel) for appellee.

[Oral argument October 9, 1928, by Mr. Kavanagh and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Certain inflated rubber balls, 2½, 2¾, and 3 inches in diameter, fancifully colored and decorated, were assessed for duty by the collector at 70 per centum ad valorem as "toys" under paragraph 1414 of the Tariff Act of 1922, which reads as follows:

PAR. 1414. Dolls, and parts of dolls, doll heads, toy marbles, of whatever materials composed, air rifles, toy balloons, toy books without reading matter other than letters, numerals, or descriptive words, bound or unbound, and parts thereof, garlands, festooning, and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for, 70 per centum ad valorem.

The imported articles are claimed by appellee to be dutiable at 30 per centum ad valorem as "balls * * * designed for use in physical exercise or in any indoor or outdoor game or sport" under paragraph 1402. The paragraph provides as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

The court below sustained the protests, and the Government has appealed to this court.

The importer submitted considerable testimony to the effect that the balls in question are sold to, and used by, men, women, and children in outdoor physical exercise and play. There is some testimony tending to prove that they are also used in outdoor games.

It is unnecessary to enter upon a detailed discussion of the testimony given by the several witnesses for the importer. It appears from the testimony that the balls are used in physical exercise by men, women, and children. They are used by children in the playing

of outdoor games. The witness, Swingle, described one of these games as follows:

Q. What games do they play on the street with balls similar to Exhibit 1–A?—A. Children bouncing a ball, and stepping over a chalk mark, and catching it, and bouncing-it again, and stepping over again and catching. That is the game I have seen played on the street.

Q. Is there any score kept in that game?—A. I know that the children play one against the other. I don't know what the outcome is or how they decide the game.

They are thrown from one person to another on bathing beaches, not only for play and sport, but also for the purpose of getting warm by physical exercise. They are sold in stores in the toy departments and also in other departments with bathing outfits. They are also sold at the beaches along with bathing caps, etc.

The Government submitted evidence for the purpose of showing that the balls are unfit for the playing of athletic games and sports and that they are, in fact, mere toys.

The Government contends that the balls are too poorly constructed to be used in games or sports and that, in view of the fact that they are ornamented with colored pictures of children or otherwise decorated in bright colors, it must be held that they were designed for use as mere toys. It is argued that they are not within the provisions of paragraph 1402, if that paragraph is given proper construction.

We are of opinion that the judgment below is not contrary to the weight of the evidence, but is in harmony therewith. The balls are not the most durable, nor are they of the most expensive kind. But these matters are of little consequence, in view of the fact that they are used for physical exercise and in outdoor games. Surely, if they are extensively used for such purposes, we should not infer that they were not designed to be so used.

We do not think that these articles come within the definition of toys as announced in the case of *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109, T. D. 31115, and other authorities. But if they do, in view of the fact that they are used in physical exercise and in outdoor games, and, accordingly, undoubtedly designed for such purposes, they are more specifically provided for under paragraph 1402. *United States* v. *Stewart Co.*, 12 Ct. Cust. Appls. 533, T. D. 40734.

The judgment is *affirmed*.