UNITED STATES *v.* F. W. WOOLWORTH Co. (No. 4012)[1]

[1] T. D. 48770.

United States Court of Customs and Patent Appeals, January 4, 1937

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *John J. McDermott*, special attorneys, of counsel), for the United States.
*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for appellee.

[Oral argument December 9, 1936, by Mr. Folks and Mr. Edward P. Sharretts]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise here involved is of the same character as that which was involved in the case of *United States* v. *F. W. Woolworth Co.*, 23 C. C. P. A. (Customs) 98, T. D. 47765, the record of which is included as a part of the record in this case. It consists of uninflated rubber balls, official samples of which were placed in evidence as Exhibits 1, 2, 3, and 4. In the decision of the trial court it is said of the samples:

\* \* \* On being inflated they assume the following dimensions: Exhibits 1 and 2 about 11 inches in diameter each; Exhibit 3 about 7½ inches in diameter; and Exhibit 4 about 12 inches in diameter.

. It may be added that the balls are composed chiefly of india rubber, that they are of substantial construction, and that they are most frequently referred to in the record as "beach balls."

The collector classified the merchandise as toys, assessing duty at 70 per centum ad valorem, under paragraph 1513 of the Tariff Act of 1930. The importer protested, claiming the proper classification to be under paragraph 1502 of the act, with assessment at 30 per centum ad valorem.

The pertinent portions of the contesting paragraphs read:

PAR. 1513. \* \* \* and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

PAR. 1502. \* \* \* and all other balls, of whatever material composed, finished or unfinished, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport), \* \* \* all the foregoing, not specially provided for, 30 per centum ad valorem; \* \* \*.

The United States Customs Court, First Division, one judge dissenting, sustained the protest, and the Government appealed here.

In effect, this is a retrial of the same issue involved in the *F. W. Woolworth* case, *supra*, where we affirmed the judgment of the trial

court adverse to the Government, the Government having introduced in this case the testimony of twenty-two witnesses in addition to the testimony introduced in that case.

In the Tariff Act of 1922, paragraph 1414 corresponded to paragraph 1513, *supra*, and paragraph 1402 to paragraph 1502, *supra*, but in both paragraphs of the 1930 act there were changes in language from the paragraphs of the 1922 act so that, while there were decisions under the former act both by the tribunal below and by this court, it is not deemed necessary here to consider or review those decisions, although certain of the reasoning which they contain is not deemed inapposite here, notwithstanding the changes made in the phraseology of the act. See *United States* v. *Stewart Co.*, 12 Ct. Cust. Appls. 533, T. D. 40734; *United States* v. *Field & Co.*, 12 Ct. Cust. Appls. 543, T. D. 40738.

Following the passage of the 1930 act, it seems to have been the administrative practice, until the latter part of 1932, to classify merchandise, such as that here involved, under paragraph 1502, *supra*, but on November 3, 1932, the Treasury Department issued a ruling, T. D. 45955, directing collectors to make classification under paragraph 1513, *supra*, the opinion being expressed in the ruling that the balls "are chiefly used for the amusement of children."

Thereafter numerous cases arose involving the issue, all of which cases were decided by the trial court adverse to the Government's contention there and here made. These several decisions are recited in that court's decision in the instant case, T. D. 48231, 69 Treas. Dec. 567.

The first of such cases was *F. W. Woolworth Co.*, Abstract 26679, 65 Treas. Dec. 1227, decided January 22, 1934. It seems to have been tried upon a record wherein was presented the testimony of seven witnesses on behalf of the importer and four witnesses on behalf of the Government. The Government did not appeal from the judgment there pronounced and decisions following it were then rendered in five other cases on dates ranging from March 23, 1934, to July 17, 1934.

Finally, however, the Government seems to have determined to litigate again the question and the record which came to us in the *Woolworth* case, 23 C. C. P. A. (Customs) 98, T. D. 47765, *supra*, was made up. There was incorporated in it the record in Abstract 26679, *supra*. The trial court again decided the issue adverse to the contentions of the Government, its decision being rendered November 9, 1934, T. D. 47342, 66 Treas. Dec. 492. This judgment we affirmed on June 10, 1935.

Another case was decided adverse to the Government by the trial court after its decision in T. D. 47342, *supra*, and before the appeal of the latter case to this court. See Abstract 26609, 67 Treas. Dec. 1018.

So, it appears that, including its decision in the instant case, the trial court has eight times decided the issue adverse to the Government, and this court has affirmed the only judgment which has been appealed.

Under these circumstances, counsel for appellee insists that the doctrine of *stare decisis* has particular application to the present case, citing the expression of the Supreme Court in the case of *United States* v. *Stone & Downer Co.*, 274 U. S. 225, 235, that "There of course should be an end of litigation as well in customs matters as in other tax cases; * * *."

The difficulty respecting the issue grows out of certain phraseology contained in the contesting paragraphs. In paragraph 1513, *supra*, Congress stated a definition of "toy", declaring that the term means "an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development." The pertinent part of paragraph 1502, *supra*, is specific to "balls * * * primarily designed for use in physical exercise (whether or not such exercise involves the element of sport)."

The Government here insists, in substance, that the weight of the evidence is to the effect that the balls at issue are chiefly used by children, that is by persons under the age of fourteen years.

In the case of *United States* v. *Calhoun, Robbins & Co.*, 21 C. C. P. A. (Customs) 167, 169, T. D. 46495, we had occasion to say:

* * * In construing the language of the toy paragraph * * * its full import is not determined in the ascertainment of *by* whom an article is chiefly used; it is necessary also to consider *for* what purpose it is used. So far as the statute is concerned, an article might be a toy without ever being actually used by a child, but, to be one, it must be chiefly used *for* the amusement of children.

The rule so stated, of course, is applicable in the instant case. A mere showing that the balls are chiefly used *by* children does not of itself mean that they should be classified as toys. The paragraph requires consideration of the purpose for which they are chiefly used, and that purpose must be "chiefly * * * for the amusement of children," if they are to be held classifiable as toys. The fact that a particular article may be used chiefly by children does not render it a toy. The statute requires that the use be chiefly for the amusement of children. If chief use for the purpose of amusement be properly deducible from all the facts and circumstances of record, then it would be immaterial that the balls are suitable also for physical exercise.

In construing paragraph 1502, *supra*, it is to be observed that the first five articles therein mentioned (boxing gloves, baseballs, footballs, tennis balls, and golf balls) are articles used in sports, or games, conducted usually, as all know, under predetermined and adopted rules. The paragraph then provides for all other balls designed for use in physical exercise whether or not such exercise involves the element of

sport. Congress obviously intended to include within the paragraph balls other than balls used in sports, but it also intended to limit such other balls to those primarily designed for use in physical exercise.

So, in the final analysis, the issue here is, as it has been in the numerous other decided cases referred to herein, whether the balls at issue are chiefly used for the amusement of children or were primarily designed for physical exercise. If primarily designed for physical exercise, it is not material who the chief users may be, and being *eo nomine* provided for in paragraph 1502, *supra,* they are more specifically covered there than in the broad designation of "all other toys" appearing in paragraph 1513, *supra.*

It seems perfectly clear to us that the trial court's decision was predicated upon the foregoing constructions of the respective paragraphs, although not stated by it in the same terms which we have used. Hence the appeal does not present any error of law, and the question is solely one of fact.

The decision of the trial court contains a quite comprehensive review of the evidence in the case, particularly of the testimony introduced on behalf of the Government additional to that contained in the record of the former case, and it is unnecessary that it be here reviewed in detail. From a careful examination of such additional testimony we conclude that it adds nothing of a pertinent nature to what had been shown in the former cases, particularly in the *Woolworth* case, *supra,* which was appealed to and decided by this court as above detailed.

It is manifest that the trial court gave much weight to the exhibits themselves and, in our opinion, this was eminently proper. Many of the Government witnesses in testifying that they had seen the balls used chiefly by children added their opinion that they were so used for the amusement of the children. This latter is in the nature of opinion evidence and gives us but little aid. It seems to us to have been a deduction of purpose from the ages of the persons whom the witnesses had seen using the articles, rather than a deduction based upon the characteristics of the articles themselves.

Upon the other hand, there is testimony on behalf of importer, principally that contained in the record in the former case, as to the use of these balls, particularly at beaches, by adults as well as by young persons, for the physical exercise afforded by their use, and as to their having been designed for use in physical exercise taken in that manner.

In our decision in the *Woolworth* case, *supra,* we pointed out, as had the trial court, that the evidence was contradictory, but stated our belief that the judgment there appealed from was not contrary to the weight of the evidence.

In the instant case the evidence is also contradictory, of course, since much of it is the same evidence there presented, but we do not

find that by the additional evidence here introduced the Government has added any strength to its contentions there made, which would justify this court in reversing the finding by the trial court.

Accordingly, the judgment of the United States Customs Court is *affirmed*.