**No. 58387.**—Skoja Manufacturing Company and Lansen-Naeve Corp. *v.* United States, protest 196904–K (New York).

OLIVER, Chief Judge: This case relates to merchandise described on the invoice as "Grammophone," which the collector assessed with duty at the rate of 35 per centum ad valorem under the provision for toys, not specially provided for, "in the forms of musical instruments and capable of emitting sound," in paragraph 1513 of the Tariff Act of 1930, as modified by T. D. 52739, supple-

mented by T. D. 52820. Plaintiffs claim that the articles in question are properly classifiable under the provision for "gramophones" in paragraph 1542 of the Tariff Act of 1930, as modified by T. D. 51802, carrying a dutiable rate of 15 per centum ad valorem.

Plaintiffs' sole witness stated that she is a partner in the Skoja Manufacturing Company, the importer of the present merchandise, whose business includes the importation of "novelties and toys, all the giftwares." In the absence of a sample of the merchandise in question, a pictorial representation thereof (plaintiffs' illustrative exhibit 1) was received in evidence. The witness described the said article as follows:

It is a round metal box, with a plate where the record is put on, has an arm which you bring over, attach a needle to it, and wind up.

There is nothing electrical about the article. It has no loudspeaker, or other attachment, to amplify sound. The gramophone has two speeds, slow and fast. Six-inch records are used, exclusively. Asked to state what records she had heard played on this gramophone, the witness replied "They are songs, what children usually consider music, lullaby songs." Counsel for plaintiffs, during the course of the trial, conceded that "the majority of the users of Illustrative Exhibit 1 happen to be children." Following this admission, the witness testified further that in watching the gramophone in question being used by children, she observed that sometimes the children would sing when the record was being played.

Defendant introduced the testimony of one witness, who stated that he is the sales manager for Shura-Tone Products, manufacturer of "kiddy and adult phonographs." The witness' testimony was directed entirely to an electrically operated "kiddy" phonograph, one of the products sold by his employer. Such testimony is wholly immaterial toward a disposition of the present case. It is a matter of common knowledge that there are several types of gramophones or phonographs of various designs and construction. In this case, we are concerned with a particular kind of an article, which the collector classified as a toy. Whatever may be the accomplishments of some other type of gramophone can have no bearing on the determination of the present issue, i. e., whether the merchandise in question is a toy, as classified, or is within the provision for "gramophones," as claimed. Therefore, further reference to defendant's testimony is deemed unnecessary.

To support plaintiffs' contention, counsel in their brief cite the case of *Louis Wolf & Co., Bing Wolf Corp.* v. *United States,* 19 C. C. P. A. (Customs) 132, T. D. 45258, which involved merchandise that the court described as follows:

The article at bar is a small phonograph composed entirely of thin, cheap metal with the exception of the paint and enamel and some kind of cloth coating for the revolving disk which holds the record. The machinery of the same is contained in a tin box with a hinged cover, about 6 inches square by 3½ inches high. It plays a record which is in the usual form except that it is a trifle under 6 inches in diameter. The box lid contains the printed phrase "Bing pygmyphone."

The cited case arose under the Tariff Act of 1922, and the merchandise there under consideration was classified under paragraph 1414 of the said act, which paragraph provided, *inter alia,* for "Dolls * * * and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for." In excluding the merchandise from that paragraph, the appellate court followed a definition of a toy, which was enunciated in the early decision in the case of *Illfelder* v. *United States,* 1 Ct. Cust. Appls. 109, T. D. 31115, reading as follows:

In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other

purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally. [Italics quoted.]

Counsel for plaintiffs argue in their brief that "these gramophones are nothing more than *'junior editions'* [italics added] of gramophones or phonographs provided for under Paragraph 1542, and, therefore, under the authority of *Louis Wolf & Co., Bing Wolf Corp.* v. *United States,* 19 C. C. P. A. (Customs) 132, T. D. 45258, they should be dutiable at only 15% ad valorem under Paragraph 1542 as modified by T. D. 51802."

The characterization "junior editions," used in plaintiffs' brief, appears to have been taken from the conclusion reached by the appellate court in the *Louis Wolf & Co. et al.* case, *supra,* reading as follows:

We conclude upon the record before us that the merchandise involved is a phonograph. It may be a poor one, but, as far as we are advised, it lacks no essential element necessary to entitle it to be regarded as such for tariff purposes. We do not think it is a plaything such as was referred to in the *Illfelder* case, *supra.* Although it may be chiefly, if not almost exclusively, used by children, it would seem to fall into the class of articles referred to in *United States* v. *Field,* 12 Ct. Cust. Appls. 543, T. D. 40738, as "junior editions," that is, a small article designed for a small person. To hold the article at bar a toy would, to our way of thinking, necessitate the holding of children's small, substantially built bicycles to be toys, since they can only be used by children. There are toy bicycles which are readily distinguishable from small bicycles used by children and which are not toys.

The reasoning employed in the foregoing quotation cannot be applied in the present case because, in this case, unlike any of the cases hereinabove referred to, we are controlled by the statutory definition of the term "toy," set forth in paragraph 1513 of the Tariff Act of 1930, as follows:

* * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

It will be noted that the said statutory definition is all conclusive and embraces every conceivable kind of a toy, the criterion for classification thereunder being that the article is "chiefly used for the amusement of children."

"The law is well settled that the classification by the collector and his official acts are presumptively correct" (*McKesson & Robbins, Inc.* v. *United States,* 27 C. C. P. A. (Customs) 157, C. A. D. 77), and it is equally "well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification" (*E. I. du Pont de Nemours & Co.* v. *United States,* 27 C. C. P. A. (Customs) 146, C. A. D. 75). Under those principles, the presumption of correctness attaching to the collector's action herein includes a finding by the classifying officer that the articles in question are toys (within the definition of the term "toy" in paragraph 1513, *supra*), in the form of a musical instrument and capable of emitting sound.

It is "fundamental in customs law that when the classification of the collector is challenged, the dual burden of proving that such classification is incorrect and that its own claimed classification is correct, rests upon the importer," *Yardley & Co., Ltd., et al.* v. *United States,* 41 C. C. P. A. (Customs) 85, C. A. D. 533. On the basis of the present record, plaintiffs have failed to sustain their burden. On the contrary, plaintiffs' evidence tends to show chief use of the merchandise by children for their amusement, which lends support to the classification invoked by the collector. Accordingly, we hold the toy gramophones

362

in question to be properly classifiable under paragraph 1513, as modified, *supra*, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.