· · · (C.R.D. 78–17) ·

F. J. STRAUSS CO., INC. *v.·* UNITED STATES

Court Nos. 73–9–02557, 74–3–00750 and 74–10–02961

Ports of New York and San Francisco

(Dated November 15, 1978)

*Serko & Simon* (*Richard Haroian* of counsel) for the plaintiff.
*Barbara Allen Babcock*, Assistant Attorney General (*Susan Handler-Menahem*, trial attorney), for the defendant. .

LANDIS, Judge: In this action, plaintiff has filed a motion for summary judgment asking that its claim be sustained that the imported merchandise, junior golf sets, is properly classifiable as other golf equipment and parts, under TSUS item 734.77.

Customs had classified the merchandise as toys and parts of toys under TSUS item 737.90. The defendant in opposing plaintiff's motion for summary judgment points out that plaintiff, contrary to rule 8.2(b) of this court, has not annexed to its motion for summary judgment a statement of material facts as to which there is no genuine issue for trial, and urges that significant factual matters divide the parties and

that therefore summary judgment should be denied. I uphold the defendant's position.

In addition to plaintiff's failure to comply with this court's rules, as aforesaid, it is noted that the crux of plaintiff's case appears to be that the imported golf sets come within the "junior edition" principle. One of the cases relied on by plaintiff is *United States* v. *Field & Co.*, 12 Ct. Cust. Appls. 543, T.D. 40738 (1925) wherein tenpins and ninepins had been classified as toys. The predecessor of this court held[1] that the merchandise was more properly classifiable under section 1402 of the Tariff Act of 1922 as " * * * all other balls, of whatever material composed, * * * designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play." The Court of Customs Appeals in affirming the judgment that the merchandise was not "toys" wrote:

> It is apparent from the description of the dimensions of the pins and balls that the articles are not mere playthings. They are of sufficient size to require that they be used in the playing of the game for which they were designed in order to afford amusement to children. These articles may be said, figuratively speaking, to be "junior editions" of like articles used by adults in the playing of the game of "tenpins" or "ninepins" rather than miniatures of such articles, so small as to be unfitted for use as ninepins or tenpins, and intended to be used and actually used only as mere playthings for the amusement of children. [12 Ct. Cust. Appls. 545.]

The Court continued (p. 545):

> *The undisputed evidence* establishes that the imported merchandise is used by children in the playing of a game known as "tenpins" or "ninepins." * * * [Italics added.]

The critical words are the emphasized first three. In the case at bar, no evidence at all has been adduced. This shortcoming plagues all of plaintiff's comparisons to decided decisions.

In plaintiff's cited case of *Mego Corp.* v. *United States*, 75 Cust. Ct. 108, C.D. 4614, 405 F. Supp. 1088, *appeal dismissed*, 63 CCPA 125 (1975), it is true the question facing the court was the classification of "junior" baseball gloves and boxing gloves. While the court did uphold the "junior edition" principle, some witnesses testified and many exhibits were introduced. Here, there simply is no such record on which I may rely. Similarly, plaintiff's cited case of *New York Merchandise Co., Inc.* v. *United States*, 62 Cust. Ct. 38, C.D. 3671; 294 F. Supp. 971; *appeal dismissed*, 56 CCPA 133 (1969), was not

---

[1] *Marshall Field & Co.* v. *United States*, 45 Treas. Dec. 726, T.D. 40243—G.A. 8813 (1924).

submitted on a motion for summary judgment. Furthermore, defendant in its answer has specifically denied paragraphs 6 and 7 of plaintiff's complaint wherein it is alleged the articles are "junior edition" golf sets and that the articles are suitable for use by children in a regular or organized game of golf.

As defendant has stated: "A question of fact remains as to whether the merchandise in issue is of such quality and character as is ordinarily used in the serious pursuit of the game of golf, and whether such is suitable for use in organized play of golf."

See also *The American Greiner Electronic, Inc.* v. *United States*, 77 Cust. Ct. 164, 166, C.R.D. 76–9 (1976), wherein on a summary judgment motion it was stated: "Since there are material differences between plaintiff and defendant with respect to relevant facts, * * * defendant should not be summarily cut off from its right to a full scale trial of the facts."

For all these reasons, plaintiff's motion for summary judgment should be denied. The case should be calendared for trial.

Plaintiff's motion for summary judgment is denied.