**UNITED STATES of America**

v.

**WATCHMAKERS OF SWITZERLAND INFORMATION CENTER INC., et al., Defendants.**

United States District Court
S. D. New York.
March 22, 1961.

See also, D.C., 25 F.R.D. 203; 25 F. R.D. 347.

---

**514**

Richard B. O'Donnell, Chief, New York Office Antitrust Division, New York City, Mary Gardiner Jones, New York City, W. Louise Florencourt, Washington, D. C., Carl L. Steinhouse, New York City, Attys., Department of Justice, Solinger & Gordon, New York City (Eugene H. Gordon, New York City, of counsel), for the United States.

Milbank, Tweed, Hope & Hadley, New York City (William Jackson, New York City, of counsel), for Swiss defendants.

CASHIN, District Judge.

This is a motion by the Swiss defendants (FEW) to quash a subpoena duces tecum served by the government on Mr. George Matthey, Secretary, Federation Suisse des Associations de Fabricants d'Horlogerie (F.H.). The subpoena, issued pursuant to Rule 45(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., commands Mr. Matthey to produce—

"1. Minutes of each Meeting of the Commission Paritaire and the Mixed Commission held during the period from 1945 through 1954.

"2. Each report prepared by the Commission Paritaire and Mixed Commission in the period 1945 through 1954.

"3. All writings relating in any way to the creation, organization, operation, and personnel of the Commission Paritaire and the Mixed Commission for the period 1940 through 1954.

"4. All regulating and other reports and communications issued by or received by the Commission Paritaire and the Mixed Commission during the period 1940 through 1945.

"5. All writings relating in any way to the creation, organization, operation, purpose, function and personnel of Machor SA for the period 1940 through 1954.

"6. All writings relating to the establishment, preparation, interpretation and application of Lists I through VIII relating to watchmak-

ing machinery during the period 1934 through 1954.

"7. The by-laws, corporate charter and stockholder reports and minutes of meetings of the Board of Directors and Board of Administration of Machor SA during the period 1940 through 1954.

"8. All writings relating to all agreements and arrangements between FH, Ebauches SA, UBAH, The Swiss Watch Chamber and members of the watchmaking machinery manufacturers industry or any one or more of them relating to the manufacture, sale, lease or export of watchmaking machines including but not limited to all minutes, reports, drafts and other communications relating in any way to the negotiation, execution, operation, interpretation and application of Plaintiff's Exhibit 544 and to all other drafts and versions of this Exhibit 544.

"9. All writings relating in any way to the sale of watchmaking machines for non-herological purposes during the period 1945–1951."

It is the government's position that the material is necessary to get a true picture of what the defense really is and to be able to rebut that defense. There has been testimony to the effect that the restrictions which the plaintiff has relied on in support of its conspiracy charges were instituted, devised and almost totally governmental in nature. The government claims that this is an inaccurate portrayal and that the requested records will bear out its contention.

The defendants support their motion to quash on the grounds that the items sought are not part of the government's rebuttal case but rather bear upon the government's case in chief, and that the subpoena is an attempt at discovery, which is inappropriate at this stage of the trial.

■■ The production of documents or things at trial is governed by Rule 45 and the test set forth is whether such request is unreasonable and oppressive. Rule 34 governs production and inspection of documents and things before trial. Under both rules relevancy is the test and it is unnecessary to establish the admissibility of the evidence.

■■ The complaint in this case was filed on October 19, 1954. Since then the Government has inspected a vast quantity of documents of the defendants. The data the government now seeks relates to an agreement which it claims it did not know existed. However, the existence of this agreement and the other data which the government now seeks could have been discovered through the pretrial discovery and inspection procedures provided by Rule 34. It is true that the government has the right to show any inaccuracies it can find in the defendants' case; however, this does not open up to the government an entire field of exploration on issues which have long been present in this case. It is also true that the government has the right to file a trial subpoena duces tecum; however, this right must be exercised in a reasonable and non-oppressive manner.

■■ In ruling on whether or not to quash the subpoena, the time and labor involved must be taken into consideration. It would take several months to compile the data requested which covers, in some cases, the years 1934 to 1954. Moreover, all the data requested is in Switzerland and would have to be translated from the French and German. In addition, the defendants would have the right to examine and be heard as to the materiality of the information submitted in response to said subpoena. All these facts bear upon the element of time and upon the delay in the termination of this trial.

As was said in United States v. E. I. Du Pont De Nemours & Co., D.C.N.D.Ill E.D.1953, 14 F.R.D. 341, 345—

"In view of the great mass of records which the government has received and reviewed during the past five years, * * *, coupled with the fact that it possessed the means .

of acquiring any additional material pertinent to the issues long before and during the presentation of its case in chief, the court is of the opinion it would be unreasonable to permit the exhaustive search presently requested."

Defendants' motion to quash the subpoena is granted.

It is so ordered.