Norman F. HECHT et al., Plaintiffs,

v.

PRO-FOOTBALL, INC., et al.,
Defendants.

Civ. A. 2815-66.

United States District Court
District of Columbia.

March 21, 1969.

James C. McKay and Bernard I. Nordlinger, Washington, D. C., for defendants, for the motion.

William Joseph H. Smith, Washington, D. C., for plaintiffs, opposed.

## OPINION

HOLTZOFF, District Judge.

■ This is a motion by prospective witnesses, who are not parties to the action and whose depositions are about to be taken by the plaintiffs, to limit subpoenas *duces tecum* that have been issued against them. The action is brought to recover triple damages under the antitrust Acts. This matter is governed by Rule 45 of the Federal Rules of Civil Procedure. Subsection (b) of that rule authorizes the issuance of subpoenas *duces tecum* and then goes on to provide that "but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may * * quash or modify the subpoena if it is unreasonable and oppressive * * * *" The question, therefore, is whether the subpoenas involved in this motion are unreasonable or oppressive. It may be added that the Court has inherent power to protect anyone from oppressive use of process, even if no oppression is actually intended.

The principal defendant is a league composed of professional football clubs. The plaintiffs are individuals, who had planned to organize a professional football club in Washington, D. C., and to procure a franchise from a rival league, namely, a league known as the American Football League. The gravamen of their action is that they were prevented from achieving their purpose by the fact that the authorities that operated the stadium in the District of Columbia had made an exclusive agreement for the use of that stadium for football games by the defendant National Football League. This exclusive agreement is claimed to be violative of the Sherman law.

■■ Plaintiffs are now engaged in taking depositions. One of the purposes of their taking depositions is to obtain evidence on the issue of damages. The evidence that it is desired to obtain by the depositions is profits made by active clubs that are members of professional football leagues and the price paid on the sale of franchises. At this juncture the Court will not and should not rule on the admissibility of this evidence. It is always dangerous to make advance rulings on the admissibility of evidence, because very frequently the admissibility of an item of evidence depends upon the exact posture of the case at the time that the evidence is offered. The fact, however, that the evidence may be relevant and admissible at the trial is not sufficient to dispose of a motion such as the Court has before it at this time. It is possible for a subpoena *duces tecum* to be unreasonable or oppressive, even though the evidence sought to be procured may prove to be thereafter relevant at the trial.

There are two moving parties on this motion. One is a club known as the Miami Dolphins, Ltd., whose deposition is to be taken and the other is an individual named David A. Werblin. Objection is made to Items 4 and 5 in the subpoenas *duces tecum* against the Miami Dolphins. Item 4 seeks the production of profit and loss statements of the Dolphins for the years 1966, 1967 and 1968. Item 5 seeks records showing prices paid for each partnership interest by persons

who have acquired such interests in the Dolphins. The subpoena *duces tecum* issued to Werblin seeks the production of documents showing the total sales price of the interest he sold in the Gotham Football Club in 1968.

 It will be noted that these requests seek private financial records of persons who are not parties to this action. The fact that they may be allied to the parties as argued by learned counsel for the plaintiffs does not necessarily change the situation even though it may be of some interest. The right of privacy and the right to keep confidential one's financial affairs is well recognized. It seems to be part of human nature not to desire to disclose them. It is not privileged matter in the legal sense of the term, but even if the information is not privileged, and it is not, it still may be oppressive or unreasonable to require disclosure at the taking of a deposition. This information can be obtained at the trial if the trial progresses to a point where it becomes relevant. It seems oppressive and unreasonable to require these persons to disclose this information in advance when many things may happen between now and the trial that might make the disclosure unnecessary.

Modern civil procedure in the Federal courts contemplates liberal disclosure. Discovery is in the interest of justice. Nevertheless, discovery is not unbridled and not unlimited. There must be restrictions to protect individuals in their natural privacy.

The Court is of the opinion that the request is both unreasonable and oppressive. It may become reasonable at the trial, but it is unreasonable at this early stage of the controversy. If it becomes relevant at the trial, a short continuance can be had if necessary in order to obtain the information.

The motion to limit subpoenas *duces tecum* in the manner indicated is granted without prejudice to the right to renew such requests if the matter becomes relevant at that time.

Counsel may submit an appropriate order.