(C.R.D. 74–6)

LIFE-O-MATIC PRODUCTS, INC., ET AL. v. UNITED STATES

Court No. R70/3953 and 24 others

(Dated April 25, 1974)

*Allerton deC. Tompkins* for the plaintiffs.
*Carla A. Hills,* Assistant Attorney General (*John A. Gussow,* trial attorney), for the defendant.

LANDIS, Judge: Plaintiffs in this motion, seek relief modifying or otherwise quashing defendant's subpoena duces tecum which had sought production at trial of documents and other things identified in sixteen numbered paragraphs of a schedule annexed to the subpoena. Defendant opposes the motion. Rule 10.1(c) of this court *inter alia* provides that the court may "quash or modify any subpoena if it is unreasonable or oppressive." Defendant purports that plaintiffs have made no showing that the subpoena is oppressive or unreasonable. The court, nevertheless, has inherent power to protect anyone from oppressive or unreasonable use of process, even if the process is not actually intended to be oppressive or unreasonable. *Norman F. Hecht et al.* v. *Pro-Football, Inc., et al.,* 46 F.R.D. 605 (1969). It is also without question that a party, seeking production by a subpoena duces tecum from a party to the action, must establish good cause for issuance of the subpoena if it is challenged by a motion to quash. *Dart Industries, Inc.* v. *Liquid Nitrogen Processing Corp. of California,* 50 F.R.D. 286 (1970).

There has been, in this case, a good deal of personal correspondence between counsel for the parties and by counsel before the court wherein

counsel refer to a district court matter that has nothing to do with the issues in this case. In acting on this motion, however, the court is solely concerned with the issues in this case. On the issues joined in this case defendant has failed to show, that at this particular stage in this reappraisement case, there is any good cause for producing the documents and information sought by the subpoena at trial.

Plaintiffs' complaint in this action broadly challenges the customs valuation of merchandise, exported from England, at the price freely offered to all purchasers for export at the times of exportation, 19 U.S.C.A. § 1401a, during the period July 1966 to May 1968. The customs export value basis of valuation and the amount thereof are presumptively correct, which means that defendant need introduce no evidence until plaintiffs challenging the customs valuation prove otherwise. 28 U.S.C.A. § 2633. In proving otherwise, plaintiffs must establish not only that the customs valuation is incorrect but that the claimed value is correct. *Inter-Maritime Forwarding Co., Inc.* v. *United States*, 59 CCPA 84, C.A.D. 1044 (1972). Notwithstanding plaintiffs' burden of proof on the issue of valuation, defendant's subpoena *inter alia* requests plaintiffs to produce documents and things for the years 1960 to 1968, including such as are apparently in control of the foreign seller. Plaintiffs, in this reappraisement case, cannot very well carry their burden of proof without cooperation from the seller. The court cannot anticipate what that cooperation will be. The defendant does, of course, have the right to show any inaccuracies it can find in plaintiffs' case. This does not, however, open up to the defendant an entire field of exploration for documents and things apparently not now in plaintiffs' control, on the valuation issues which have long been present in this case. Such an exploration makes the subpoena an unreasonable attempt at discovery which is inappropriate at this stage. *United States* v. *Watchmakers of Switzerland Information Center, Inc.*, 27 F.R.D. 513, 515 (1961).

Plaintiffs, in this motion, seek relief modifying the subpoena duces tecum to the extent that the documents and things identified in items 1, 7, 8, 9, 13, 14, and 15, covering the period 1960 to 1968, be limited to the years 1966 through 1968, and that the subpoena be quashed with respect to documents and things in control of "Lan-Elec", the foreign seller, identified in items 3, 4, 5, 6, 10, 11, and 12 of the subpoena. The court is of the opinion that defendant's subpoena, in the posture of the issues joined at this stage of the proceeding, is an unreasonable and oppressive demand for documents and information that are not now shown to be reasonably necessary to defendant's defense considering the heavy burden of proof plaintiffs have assumed in challenging the customs valuation.

The motion to limit and squash the subpoena duces tecum is, therefore, granted in part as follows: the subpoenaed items 1, 7, 8, 9, 13, 14, and 15 are limited to the period 1966 through 1968, and the subpoenaed items 3, 4, 5, 6, 10, 11, and 12 are quashed.

Order will so enter.