(C.R.D. 76-9)

THE AMERICAN GREINER ELECTRONIC, INC. *v.* UNITED STATES

Court Nos. R61/20887, etc.

Port of New York

(Dated September 3, 1976)

*Barnes, Richardson & Colburn (Jospeh Schwartz* of counsel) for the plaintiff.
*Rex E. Lee,* Assistant Attorney General (*Saul Davis,* trial attorney), for the defendant.

LANDIS, Judge: Plaintiff, in this consolidated action, moves for summary judgment [1] sustaining its claim that watch timers, imported from Switzerland and appraised on the basis of constructed value, [2] should properly be valued on the basis of export value. [3]

*Inter alia,* plaintiff contends that, as a matter of fact, it cannot be genuinely contested that the merchandise and issues in this case are the same in all material respects as the merchandise and issues in *United States* v. *The American Greiner Electronic, Inc.,* 66 Cust. Ct. 644, A.R.D. 289, 328 F. Supp. 498 (1971); that, on export value basis, the merchandise in this case was sold in the ordinary course of trade to a selected purchaser at a price which fairly reflects the market

---

[1] United States Customs Court Rule 8.2.

[2] 19 U.S.C.A. § 1401a(d) defines constructed value as follows:

(d) For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

[3] 19 U.S.C.A. § 1401a(b) defines export value as follows:

(b) For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

value of the merchandise, and that the invoice prices were the result of *bona fide* negotiations between the seller and the purchaser.

Defendant opposes the motion on the ground that the merchandise and issues are unlike the merchandise and issues in *American Greiner, supra.* Defendant, *inter alia,* also states that it materially disputes the fact that the merchandise was sold in the ordinary course of trade; that the merchandise was sold to a selected purchaser at a price which fairly reflects the market value of the merchandise, or that the invoice prices were the result of *bona fide* negotiations between the seller and purchaser.

In a cross-motion, which plaintiff opposes, defendant further seeks an order "allowing the use of the discovery procedures authorized by the Rules of this Court to obtain the deposition of directors and officers of plaintiff, including, but not limited to, Rudolf Greiner, Sr., the president and sole owner of plaintiff, and Rudolf Greiner, Jr.", identified as not available in the United States.

I conclude that both motions should be denied.

Plaintiff places great reliance on the decision in *American Greiner* to sustain its claim in this case. That case involved one watch timer, a "Chronografic Record" model exported from Switzerland in August 1960. This consolidated action involves some fifteen different models of watch timers exported in years other than 1960. The value of merchandise is its statutory value on the date or dates of exportation, *Erb & Gray Scientific, Inc.* v. *United States,* 53 CCPA 46, C.A.D. 875 (1966). Defendant, in opposition, quite obviously differs with plaintiff with respect to facts material to a finding of statutory export value. Speaking for the United States Court of Appeals, Second Circuit, in *Heyman* v. *Commerce and Industry Insurance Company,* 524 F. 2d 1317, 1319 (2d Cir. 1975), Chief Judge Kaufman, concerned with the frequent recurrence of cases in which granting summary judgment was inappropriate, cautioned that

> * * * the "fundamental maxim" remains that on a motion for summary judgment the court cannot try issues of fact; it can only determine whether there are issues to be tried. * * * Moreover, [4] when the court considers a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, * * * with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute * * *. This rule is clearly appropriate, given the nature of summary judgment. This procedural weapon is a drastic device since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury. * * *

[4] See also, *S. S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, C.R.D. 76-6 (1976)

In *United States* v. *J. B. Williams Company, Inc.*, 498 F. 2d 414, 430 (footnote 19), (2d Cir. 1974), Judge Friendly, in his written opinion for the Court of Appeals, stated:

> There is no question that under F.R. Civ. P. 56, *whether in a jury trial or a trial to the court* [emphasis added], the party opposing the summary judgment motion has a right to a full evidentiary hearing on all genuine issues of material fact. In a bench trial, this means that if the party opposing summary judgment raises any triable fact questions, he has the right to adduce the expert testimony of live witnesses and cross-examine his opponent's witnesses rather than to have to rely on the affidavits submitted in opposition to the summary judgment motion. * * *

Since there are material differences between plaintiff and defendant with respect to relevant facts, I am of the opinion that defendant should not be summarily cut off from its right to a full scale trial of the facts. *Nickol* v. *United States*, 501 F. 2d 1389 (10th Cir. 1974). Plaintiff's motion for summary judgment is, accordingly, denied.

For substantially the same reasons that I discussed in connection with defendant's motion in *Life-O-Matic Products, Inc., et al.* v. *United States*, 72 Cust. Ct. 306, C.R.D. 74–6 (1974), defendant's cross-motion for an order allowing discovery procedures to obtain a deposition is also denied.