(C.R.D. 79–15)

OVERSEAS MAILMAN, INC. *v.* UNITED STATES

Court No. 78–2–00357

(Dated November 20, 1979)

*Siegel, Mandell & Davidson* (*Stephen M. Zelman* on the brief) for the plaintiff.
*Alice Daniel,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation (*Susan Handler-Menahem* on the brief), for the defendant.

FORD, Judge: In this action plaintiff has filed a motion for summary judgment, pursuant to rule 8.2 of the rules of this court, seeking to sustain its claims under item 706.22 or 386.50, Tariff Schedules of the United States. The merchandise consists of cotton denim bags measuring approximately 16¼ inches wide by 17¾ inches long having a drawstring at the top. The bag has 6-inch by 6-inch patch pocket of the same material stitched to the bag as well as a cloth-backed plain plastic patch measuring 1¾ inches by 4 inches which is stitched directly above the pocket. Plaintiff contends the merchandise is prop-

erly subject to classification as luggage or handbags under item 706.22. Alternatively, plaintiff contends if the court determines the bags are not ornamented then they are claimed to be properly dutiable as other cotton articles not ornamented as provided for in item 386.50.

Defendant contends there are material issues of fact to be determined and hence the matter is not ripe for summary judgment. Alternatively, defendant cross moves for summary judgment and seeks to overrule the claims and dismiss the action.

There are two issues presented for determination. Is the merchandise luggage or handbags and is it ornamented? The former requires evidence that the merchandise was designed to contain clothing or personal effects during travel as provided in headnote 2(a)(i) of subpart D, part 1 of schedule 7 and has a secure closure. *Adolco Trading Corp.* v. *United States*, 71 Cust. Ct. 145, C.D. 4487 (1973); *Prepac, Inc.* v. *United States*, 78 Cust. Ct. 108, C.D. 4694 (1977). The affidavits submitted by both plaintiff and defendant do not settle this matter satisfactorily.

The question of ornamentation is likewise not satisfactorily settled by the affidavits submitted. The general rule as to whether an article is ornamented is a question of fact to be determined with reference to the particular article before the court. *Colonial Corp. of America* v. *United States*, 62 Cust. Ct. 502, C.D. 3815 (1969).

Plaintiff has alleged in its statement under rule 8.2(b) some 12 facts which are alleged not to be in issue and have been established by the pleadings and affidavits submitted. Defendant in opposition has alleged that issues of fact are involved in 9 of the 12 facts which plaintiff deems are not in issue.

The court is of the opinion that since there are material differences between plaintiff and defendant with respect to the relevant facts defendant should not be summarily cut off to its right to a full trial on the facts. *The American Greiner Electronic, Inc.* v. *United States*. 77 Cust. Ct. 164, C.R.D. 76–9 (1976).

The cross-motions for summary judgment are therefore denied.