INTER-PACIFIC CORP., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 77-1-00044

(Dated June 12, 1981)

*Leonard M. Fertman,* Professional Corporation (*James W. McDonald* on the brief), for the plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Jerry P. Wiskin* on the brief), for the defendant.

LANDIS, *Judge:* Pursuant to rule 8.2 plaintiff moves for summary judgment sustaining its claim that certain footwear manufactured in Taiwan and imported into the United States between September and December 1975 should be classified under TSUS item 700.55. Defendant cross-moves for summary judgment sustaining the classification by the customs official under TSUS item 700.60 and, further, for summary judgment overruling plaintiff's claim and dismissing the action.

A review of plaintiff's statement of material facts and defendant's response thereto, as well as the amended pleadings, indicates that there are material issues of fact to be determined upon a trial on the

merits which precludes the granting of summary judgment to either party. *The American Greiner Electronic, Inc.* v, *United States*, 77 Cust. Ct. 164, C.R.D. 76–9 (1976); *S.S. Kresge Co.* v. *United States*, 77 Cust. Ct. 154, C.R.D. 76–6 (1976).

The central issue in this case is the composition of the exterior surface area of the upper. Plaintiff claims it to be 100 percent vinyl (Statement of Material Facts, No. 3) while defendant claims otherwise. Before the court can determine the main issue it must first resolve the crucial peripheral issue of what actually constitutes the shoe upper. Once again the parties disagree.

Plaintiff claims that the cotton embroidery sewn on the shoe is not part of the upper because it performs no utilitarian function and its addition does not make the footwear any more useful than if it were manufactured without the embroidery (Material Fact No. 6). Defendant denies this.

Plaintiff further claims that the stitching is ornamental in character and that ornamental decorations that provide no utilitarian function are disregarded in determining what constitutes the uppers of footwear (Amended Complaint, paragraph 7 and Material Fact No. 7). Defendant also denies this claim.

In support of its motion plaintiff submits affidavits of Frank G. Arnstein and Lewis Jackson. Both affiants agree that the embroidered stitching in issue is purely ornamental serving no utilitarian function and the removal of which would not render the merchandise unserviceable as footwear nor impair the structural soundness thereof. Neither affidavit states whether removal of the stitching would damage the footwear or render it unsalable as footwear.

Defendant submits an affidavit of Irma Rueckert, a chemist for the United States Customs Service, which indicates that the exterior surface area of the upper consists of 77.5 percent plastic and 22.5 percent fibers.

Additionally, the parties have submitted a number of sample shoes with their summary judgment motions.

Examination of the samples submitted raises a strong issue as to whether the sewing is functional or utilitarian to some degree.[1] In examining the samples it appears to the Court that the stitching not only pierces the plastic upper but also pierces the material that acts as a backing to the plastic. In this capacity the sewing may be functional in that it acts as a fastening of the plastic to the backing in addition to the glue used as a fastening agent. It is not beyond peradventure that evidence could be adduced at a trial showing the stitching to be both ornamental and functional. It is further noted

---

[1] It is well settled that a sample is a potent witness. *United States* v. *The Halle Bros. Co.*, 20 CCPA 219, T.D. 45995 (1932).

that the stitching has created hundreds of tiny perforations and that removal of the stitching might damage or make the shoe unsalable.

It is anticipated that on the trial testimony subjected to the safeguards of cross-examination will be elicited as to what constitutes the upper and the exterior surface area of the upper of the footwear in issue.

Further, the issues of functionality and ornamentation are not satisfactorily settled by the proof submitted on this motion. They constitute a question of fact to be determined with reference to the particular article before the Court. *Overseas Mailman, Inc.* v. *United States,* 83 Cust. Ct. 165, C.R.D. 79–15 (1979).

Accordingly, the motion and cross-motion for summary judgment are denied.