James M. HOFFMAN, D.D.S., and James M. Hoffman, D.D.S., P.A., Plaintiffs,

v.

DELTA DENTAL PLAN OF MINNESOTA, Defendant.

Civ. 3–80–67.

United States District Court,
D. Minnesota,
Third Division.

July 1, 1981.

James L. Wahlfors, Thomson, Lovett, Wohlfors & Moran, Ltd., Bloomington, Minn., for plaintiffs.

Wayne A. Hergott and Margo S. Struthers, Moss, Flaherty, Clarkson & Fletcher, Minneapolis, Minn., for defendant Delta Dental Plan.

John D. Povolny, Bowman & London, Ltd., St. Paul, Minn., for deponent, Dr. Sands, D. D. S.

Ross L. Thorfinnson, Perbix, Harvey & Thorfinson, P. A., Hopkins, Minn., for Deponent Dr. Jensen, D. D. S.

## MEMORANDUM & ORDER

DEVITT, Senior District Judge.

This is an appeal from a magistrate's order denying plaintiff's request for discovery. The complaint states causes of action under the state and federal antitrust statutes. The substance of plaintiff's complaint is that defendant is guilty of a group boycott under a Rule of Reason Analysis in the area of dental services by adopting a plan whereby patients of participating dentists receive significantly greater benefits than do patients of non-participating dentists.[1]

Plaintiff is an endodontist who was a participating member until 1975 when he was expelled from Delta Dental. Plaintiff will attempt to prove damages by demonstrating that the relative proportion of his gross income which was received from Delta Dental patients is substantially less than that for participating endodontists. To that end, plaintiff seeks the disclosure of income received by Drs. Mark Jensen and Stephen Sands from their practice in western Hennepin County during the years 1977, 1978, 1979 and 1980. Drs. Jensen and Sands are apparently the only other endodontists not associated with plaintiff in western Hennepin County.

Under the new rules the scope of discovery is intentionally broad, permitting discovery of any information which "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed.R.Civ.P. In making that determination, the court should not look to the admissibility of the evidence, *id*, nor need it weigh its probativeness. The purpose of the broad discovery rule is to insure complete availability of all evidence to avoid surprise and thereby facilitate a full and fair trial on the merits. *See generally*, 8 C. Wright & A. Miller, Federal Practice & Procedure §§ 2001, 2007 (1970). The information sought here meets that test.

Defendants urge that the information is confidential and therefore not subject to discovery. There are several cases noting that financial information of non-parties are private matters. *See, Premium Service Corporation v. Sperry & Hutchinson Company*, 511 F.2d 225 (9th Cir. 1975); *F. Hecht v. Pro Football, Inc.*, 46 F.R.D. 605 (D.D.C. 1969). However, the court in *Sperry* held only that the district court did not abuse its discretion in finding a subpoena *duces tecum* unreasonable and oppressive because it demanded, very broadly, all documents relating "in any way to any dealing, transaction, agreement or undertaking," which included certain financial data. Likewise in *Hecht* the court expressly recognized that similar financial data was not privileged "in a legal sense." The court, however, on policy grounds, denied the request but did so only for the *nonce*, recognizing that the information could be obtained at trial.

The better approach is to permit discovery prior to trial under appropriate pro-

---

1. The complaint alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. By a memorandum and order dated June 30, 1981, this court granted defendant's motion for summary judgment on all except the rule of reason group boycott claim set forth in Count I.

tective orders. Plaintiffs here already have the amount of income Drs. Sands and Jensen received from Delta Dental clients. None of the parties have set forth, with even a modicum of precision, the documents requested. However, since plaintiffs seek only to establish the percentage of gross income which the income from Delta Dental clients represents, affidavits of Drs. Jensen and Sands setting forth their gross receipts for each of their offices, and indicating amounts attributable to the services of other dentists, should be sufficient.

Plaintiffs' request for discovery is upheld to the extent that it demands affidavits of Drs. Sands and Jensen setting forth gross receipts for each of their offices for years 1977 through 1980, provided such affidavits indicate amounts attributable to the services of other dentists.