ROYAL LONDON LTD., DIV. GLOBE NOVELTY HOUSE, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 77-2-00229

Before LANDIS, *Judge.*

(Dated January 5, 1982)

Barnes, Richardson & Colburn (Michael A. Johnson on the brief) for the plaintiff.
J. Paul McGrath, Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (Robert H. White on the briefs) for the defendant.

LANDIS, Judge: Pursuant to Rule 56 defendant moves and plaintiff cross-moves for summary judgment. The subject imported merchandise is small wooden boxes designed to hold men's personal effects such as jewelry, wallet, keys, and various other sundries.

The merchandise was classified and liquidated under TSUS item 204.40, as:

> Jewelry boxes, silverware chests, cigar and cigarette boxes, microscope cases, tool or utensil cases, and similar boxes, cases, and chests, all the foregoing of wood:
>
>    \*      \*      \*      \*      \*      \*      \*
>
>     Other:
>
>         Not lined with textile fabrics_____ 16⅔% ad val.

Plaintiff claims that the merchandise is more properly classifiable under TSUS item 204.50, as:

> Jewelry boxes, silverware chests, cigar and cigarette boxes, microscope cases, tool or utensil cases, and similar boxes, cases, and chests, all the foregoing of wood:
>
>    \*      \*      \*      \*      \*      \*      \*
>
>     Other:
>
>    \*      \*      \*      \*      \*      \*      \*
>
>         Lined with textile fabrics_____ 2¢ per lb. + 4% ad val.

Subsequently, defendant served an amended answer pursuant to an order of this court [1] in which it abandoned its classification pursuant to TSUS item 204.40, supra, and instead averred that the merchandise is properly classifiable pursuant to TSUS item 206.98 [2] as:

> Household utensils and parts thereof, all the foregoing not specially provided for, of wood:
>
>    \*      \*      \*      \*      \*      \*      \*
>
>     Other:
>
>    \*      \*      \*      \*      \*      \*      \*
>
>         Other_____ 8% ad val.

---

[1] 1 CIT 20, Slip Op. 80-4 (Nov. 20, 1980).

[2] Previously TSUS item 206.97, the applicable portions and dutiable rate of which are identical to TSUS item 206.98.

Both parties state that no material facts are in issue.[3] Neither party has submitted an actual sample of the merchandise. Defendant has submitted a photograph of a catalogue page depicting the merchandise in issue and the parties agree as to the physical dimensions of said merchandise. Additionally, defendant has submitted an affidavit of Samuel Dym, a career import specialist, in support of its motion.

The basic issue is whether the merchandise is classifiable in TSUS item 204.50 and, if so, whether that item more specifically provides for the merchandise than TSUS item 206.98.

There is no dispute between the parties that the merchandise is classifiable under TSUS item 206.98 if not more specifically provided for in another TSUS item.

On a motion for summary judgment fact finding and not fact determination is the fundamental issue confronting the court. *Heyman v. Commerce and Industry Insurance Company*, 524 F.2d 1317 (2d Cir. 1975); *Carson M. Simon & Co. v United States*, 3 CIT 4, Slip Op. 82–2 (Jan. 4, 1982). The fact that both parties agree that there are no material issues of fact to be tried and cross-move for summary judgment is not binding on the court as it is the court which must render judgment as a matter of law upon facts that are not genuinely disputed. *Painton & Co. v. Bourns, Inc.*, 442 F.2d 216 (2d Cir. 1971); *Carson M. Simon & Co. v. United States, supra.*

In the instant action this court is asked to grant judgment to one of the parties based upon a singular affidavit of an import specialist, photocopies of catalogue pages of alleged similar merchandise and dictionary definitions of certain terminology. Thus, both parties seek to cut off each other's right to present evidence at a full trial on the merits based upon the indecisive submissions aforementioned.

The court in reviewing the record presently before it finds that material issues of fact exist which preclude the granting of summary judgment to either party. *American Greiner Electronic, Inc. v. United States*, 77 Cust. Ct. 164, C.R.D. 76–9 (1976); *S. S. Kresge Co. v. United States*, 77 Cust. Ct. 154, C.R.D. 76–6 (1976). The court cannot determine from the proof presented whether the merchandise in issue is a box having similar properties as the *eo nomine* provisions of TSUS item 204.50 (jewelry boxes silverware chests, tool and utensil cases, etc.) or whether it is more specifically provided for as a household utensil item normally found in the household for the convenience of those who dwell therein and thereby classifiable under TSUS item 206.98. Many questions arise such as whether the merchandise is intended to be a household type utensil or furniture type item or whether it is a transient type merchandise normally carried by one

---

[3] Plaintiff in responding to the motion modified one of defendant's statements of material fact and added two additional statements of material fact. Defendant, in reply, did not contest plaintiff's modifications.

who travels to carry tools or microscopes, etc. Actual size, weight and shape, readily discernible from an actual sample, would have a strong bearing on the portability issue which, in turn, may be critical to the overall outcome of the case.

Accordingly, defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment are, in all respects, denied.