**Decided  February  2,  1987**

CR rev 2 AS: 8a

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| ANTONIA P. GUERRERO, | ) | CIVIL ACTION .NO. 86-814 |
| Plaintiff, | ) | |
| vs. | ) | PROTECTIVE ORDER |
| L & T INTERNATIONAL CORPORATION, doing business as FUN AND GAMES, JUAN AQUINO and WILLIAM LELY, | ) | |
| Defendants. | ) | |

Defendant, L & T International Corporation (L&T) has moved for a protective order pursuant to Rule 26(c), Com.R.Civ.Pro. Specifically, the motion addresses the propriety (at this point) of question 12 of plaintiff's interrogatories. That question asks L&T to state its profit and other financial information for the last two years. The springboard for the question is the allegation in paragraph 4 of Count Three of plaintiff's complaint which asserts L&T breached its duty to the plaintiff in a wanton and wilful manner and this supports a punitive damage award against L&T.

The issue presented by defendant's motion is whether L&T need divulge its financial records on the bare allegations of

plaintiff's complaint. For the reasons hereinafter indicated, it is concluded that it does not.

Counsel have briefed the issue and have pointed out the various approaches the courts have taken in resolving the issue. To the court's knowledge, the issue is one of first impression in the Commonwealth. There is no statute that resolves the matter.

Were the plaintiff simply seeking compensatory damages, interrogatory 12 would have no relevance and the defendant would not be required to answer it. It is only when the plaintiff is entitled to pecuniary damages that evidence of the financial worth of the defendant is admissible. 23 AmJur2d, Deposition and Discovery, § 41.

Any defendant has a legitimate interest in maintaining confidentiality of its financial records. Corbett v Free Press Association, Inc., 50 F.R.D. 1979; Hecht v Pro-Football, 46 F.R.D. 605.

The more sound rule and, indeed what appears to the court to be the general rule, is the discovery of the defendant's financial status need not be performed until and unless the plaintiff makes a prima facie showing to the trial court that a viable issue exists for punitive damages.

The requirement of a prima facie showing by the plaintiff is satisfied by submitting to the court affidavits or other sworn testimony which tends to support the plaintiff's claim for punitive damages. A prima facie showing does not involve a

960

"mini-trial" nor does it provide a means for the defendant to counter the factual statements raised in the affidavits or other sworn testimony.

In the case at bar, any claim by the plaintiff for punitive damages would have to be supported by factual statements that L&T wantonly and wilfully breached its duty of care to the plaintiff.[1] To support punitive damages, the plaintiff would have to show that L&T knew its security was so lacking and faulty that it created a situation whereby L&T knew or should have known it either invited the attack on the plaintiff by the co-defendants or that it could reasonably foresee that the attack would occur.[2]

The crucial element for holding a party liable for the criminal conduct of a third party is foreseeability. (See Restatement of Torts, § 448 and 302B).

---

[1] It must be borne in mind and recognized that there is no cause of action for punitive damages alone. 22 AmJur2d, Damages, § 241. The sufficiency of the allegation and the proof of a cause of action for "actual damages" is independent of a claim for punitive damages. Compensatory damages are a prerequisite to an award for punitive damages.

[2] An example would be a factual statement that L&T was informed or knew (prior to the attack) that the security it provided its customers was so lacking that outside criminal elements were planning a robbery of its establishment and L&T wilfully or maliciously ignored the warning.

Accordingly;

IT IS ORDERED that defendant's motion for a protective order is granted and it need not provide any information as to its financial status or profit. This is without prejudice to the plaintiff to make a prima facie showing of a claim for punitive damages.

Dated at Saipan, CM, this 2nd day of February, 1987.

Robert A. Hefner, Chief Judge